# ORIGINAL

CASE No.  1:CV-00-1647

(Caldwell, J.)

FILED
HARRISBURG

JUN 1 4 2001

MARY E. D'ANDREA, CL
Per
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

## MOTION TO REOPEN PETITION FOR WRIT OF HABEAS CORPUS
## AFTER EXHAUSTION OF ADMINISTRATIVE REMEDIES
## ARE NOW COMPLETE

---

ROBERT LEON BUCKNER

MOVANT/PETITIONER, PRO SE

BOP REG. No. 33001-037
FEDERAL PRISON CAMP LEWISBURG
P.O. BOX 2000 - UNIT K01-009L
LEWISBURG, PENNSYLVANIA 17837

DATE: June 8, 2001.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,      *
     Petitioner, pro se *   CIVIL ACTION No.:
                   *
                   1:CV-00-1647
     v.        *   (Caldwell, J.)
                   *

**FILED**
HARRISBURG, PA
JUN 1 4 2001

MARY E. D'ANDREA, CLERK
Per _____

DONALD ROMINE, WARDEN,      *
     Respondent

\*   \*   \*   \*   \*   \*   oOo   \*   \*   \*   \*   \*   \*

## MOTION TO REOPEN PETITION FOR WRIT OF HABEAS CORPUS
## AFTER EXHAUSTION OF ADMINISTRATIVE REMEDIES
## ARE NOW COMPLETE

    COMES NOW, Robert Leon Buckner, Petitioner pro se in this action, respectfully moves this Honorable Court to reopen his Petition for Writ of Habeas Corpus, and in support thereof states and therefore avers the following:

### CASE HISTORY

    Petitioner was sentenced to a 36 month term of imprisonment on November 19, 1998, by the United States District Court, District of Maryland, Honorable J. Frederick Motz presiding. Petitioner had been incarcerated, and unable to retain release solely because of the Federal Commitment detainer, and NO BAIL federal detainer in the same case, since July 12, 1998.

    In September, 2000, Petitioner learned that BOP was not awarding him jail credit from May 6, 1999, through February 17, 2000, which he was and is legally entitled to. A petition for writ of habeas corpus was filed with this Court. This Court dismissed the Petition **without prejudice**, on September 21, 2000. (See attached) Petitioner filed a motion to reconsider but received no response, when time was close for filing appeal. He subsequently filed an appeal with the 3rd Circuit Court of Appeals. The Court of Appeals affirmed this Court's action on June 6, 2001. (See attached opinion and judgement).

During the pendency of the appeal, Petitioner began exhausting administrative remedies, to no avail. (See BP8, BP9, BP10 & BP11 attached hereto).

Petitioner now moves this Honorable Court to reopen that Habeas Corpus petition that was filed with this Court.

WHEREFORE, your Petitioner respectfully moves thid Honorable Court to reactivate his petition and have the respondents show cause why he should not be credited with the jail credit sought and released FORTHWITH.


DATE: June 8, 2001.                    Respectfully submitted,


                                       Robert Leon Buckner,

                                            Petitioner, pro se

                                       BOP REG. No. 33001-037
                                       Federal Prison Camp Lewisburg
                                       P.O. Box 2000 - UNIT K01-009L
                                       Lewisburg, Pennsylvania 17837



### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __8th__ day of June, 2001, a copy of this motion with attachments was mailed, first class postage prepaid, to: Mr. David M. Barasch, Esq., United States Attorney, Middle District of Pennsylvania, 228 Walnut Street, Harrisburg, Pennsylvania 17108.


                                       Robert Leon Buckner

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *      IN RE:

                             *      PETITION FOR ORDER CLARIFYING

        vs.                  *      COMMITMENT ORDER, ETC.

                             *

ROBERT LEON BUCKNER      *      CRIMINAL No.: JFM-97-0413

\*   \*   \*   \*   \*   \*   oOo   \*   \*   \*   \*   \*   \*

## FURTHER MEMORANDUM OF CASE LAW IN SUPPORT OF
## DEFENDANT'S RESPONSE TO GOVERNMENT'S ANSWER TO DEFENDANT'S
## PETITION FOR ORDER CLARIFYING COMMITMENT ORDER

COMES NOW Robert Leon Buckner, Petitioner, proceeding pro se, submits the following memorandum of further case law in support of his standing in the response entitled above.

---

Petitioner was entitled to credit against federal sentence for that portion of time spent in state custody when release was prevented by a federal detainer. **United States v. Eidum**, 474 F.2d 579 (1973).

Where federal detainer was lodged against petitioner [and]..., he was in continuous state custody, unable to secure his bail, petitioner was entitled to have time spent in state custody credited against his federal sentence, on theory that the federal detainer was the cause of his inability to make bail[.] **Brown v. United States**, 489 F.2d 1036 (1974).

[I]f a state defendant is denied bail solely because of the federal detainer issued against him, the time spent in state custody **must** be credited to his federal sentence. **United States v. Shillingford**, 586 F.2d 372 (1978)(emphasis added).

[W]here a prisoner continues in state custody solely because of a federal detainer issued in connection with a nonbailable federal offense or a federal offense [such as "commitment" order] for which bail has been refused is the prisoner entitled to credit on [] federal sentence for time spent in custody between original arrest and federal commitment. **Boyd v. United States**, 448 F.2d 477 (1971), cert. denied, 405 U.S. 992.

PAGE 1 - memorandum

A federal prisoner is entitled to credit on his federal sentence for presentence jail time spent in state custody if he is refused state bail solely because of the existence of a federal detainer charging him with a nonbailable federal offense [or commitment order with no bail]. <u>Watson v. Henderson</u>, 350 F.Supp. 249 (D.C.Ga. 1972).

If federal detainer is not bailable [such as commitment detainer] and the posting of state bail is merely a futile gesture resulting in continued confinement under the detainer, credit may be granted against federal sentence for time spent in state custody. <u>Ray v. U.S.</u>, 334 F.Supp. 901 (D.C. Ga. 1971).

Where <u>petitioner</u> <u>was</u> required to spend time <u>in state custody</u> without bond <u>due to</u> fact that <u>federal detainers</u> had been filed <u>against him</u>, <u>time spent</u> in custody <u>because of federal holds was</u> **"in connection with"** the <u>federal offense</u> and petitioner was <u>entitled to credit on federal sentence</u> for time the federal detainer forced him to spend in state custody. <u>Brown v. United States</u>, 311 F.Supp. 325 (D.C.Ga.1970) (Quotation: "in connection with" in original -- Underline emphasis added).

Defendant was entitled to credit against federal sentence for time spent in state custody after state court set bail in connection with state charges where defendant had not been released on bail solely for lack of sufficient funds and thus had been unable to enter into federal custody; impermissible discrimination resulted from defendant's having to serve sentence longer than richer man would have had to serve. <u>United States v. Gaines</u>, 449 F.2d 143 (1971).

Where state court sentencing [petitioner]...was satisfied that []federal sentence was sufficient penalty to cover also violation of state [probation violation] law, and where sufficiently clear to overcome presumption that sentencing court has given defendant credit for pretrial custody if sentence less than maximum has been imposed [such as 10 months, where 15 months 11 days were available to state court], prisoner was entitled to credit on his federal sentence for time spent in custody in [county] jail between date of sentencing on federal crime and date of sentencing on the state charges. <u>U.S. v. Downey</u>, 469 F.2d 1030 (1972).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,          :
        Petitioner

                              :

    vs.                       :    CIVIL ACTION NO. 1:CV-00-1647

                              :

DONALD ROMINE, Warden
        Respondent            :

**FILED**
HARRISBURG, PA

O R D E R                SEP 21 2000

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:   MARY E. D'ANDREA, CLERK
                                              Per _____ Deputy Clerk

        Robert Leon Buckner, an inmate at FPC-Lewisburg,
Pennsylvania, has filed a pro se petition for a writ of habeas
corpus under 28 U.S.C. § 2241. He has also applied to proceed in
forma pauperis. We grant the latter request, but we dismiss this
petition for failure to exhaust administrative remedies.

        Buckner is seeking credit on his federal sentence for a
period of time that, although spent in state custody, he claims
should also apply to his federal sentence. He asserts that he has
received no relief by way of institutional remedies.

        We are unable to entertain Buckner's claim at this time.
Under 18 U.S.C. § 3585(b), only the Attorney General, and the
Bureau of Prisons (by delegation from the Attorney General) have
the authority in the first instance to calculate credit for time
served. While we have authority under 28 U.S.C. § 2241 to review
a BOP sentence calculation, we may do so only after the defendant

has exhausted his administrative remedies against the Bureau.  <u>Id</u>.
See <u>United States v. Brann</u>, 990 F.2d 98 (3d Cir. 1993); <u>United
States v Checchini</u>, 967 F.2d 348 (9th Cir. 1992); <u>United States v
Herrera</u>, 931 F.2d 761 (11th Cir. 1991)(citing the appropriate
administrative rules).  <u>See</u> <u>also</u> <u>Soyka v Alldredge</u>, 481 F.2d 303
(3d Cir. 1973) (interpreting 18 U.S.C. § 3568, repealed, the
predecessor section to 18 U.S.C. § 3585(b)).

Petitioner's administrative remedies are set forth in 28
C.F.R. §§ 542.10-542.19 (1999).  Buckner must seek relief not only
from Lewisburg officials but also from the Bureau's regional
director and then from its general counsel.  Petitioner has not
alleged that he has contacted either of the last two officials.

AND NOW, this 21st day of September, 2000, upon
consideration of the defendant's petition under 28 U.S.C. § 2241,
it is ordered that:

> 1.  The application (doc. 2) for in forma
> pauperis status is granted.

> 2.  The petition is denied without
> prejudice for failure to exhaust
> administrative remedies.

> 3.  The Clerk of Court shall close this
> file.

William W. Caldwell
United States District Judge

2

UNREPORTED- NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 00-3696

_____

ROBERT LEON BUCKNER,

Appellant

v.

DONALD ROMINE, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-1647)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
JUNE 4, 2001

Before:   MANSMANN, BARRY and ALDISERT, Circuit Judges.

(Filed: June 6, 2001)

_____

OPINION

_____

PER CURIAM

Robert Leon Buckner appeals from the District Court's order dismissing his habeas corpus petition for failure to exhaust available administrative remedies. For the following reasons we will affirm.

On November 6, 1997, Buckner was indicted for making false statements before the United States District Court in violation of 18 U.S.C. § 1623. He pleaded guilty on July 2, 1998. On July 12, 1998, while free on federal bond awaiting sentencing, Buckner was arrested by the Baltimore City Police, and charged with drug and probation violations. A federal detainer was issued as a result of the arrest and Buckner remained in the custody of state officials. On November 19, 1998, the District Court sentenced Buckner to 36 months of imprisonment on the false statements charge. Buckner then was returned to state custody to serve a ten month term on the probation violation. On February 17, 2000, at the conclusion of the state term, Buckner began serving his federal sentence under federal custody. The Bureau of Prisons ("BOP") has interpreted Buckner's sentence as being consecutive to the state sentence and has calculated Buckner's projected release date as November 2, 2001.

On September 15, 2000, Buckner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging that the BOP miscalculated his projected release date. He contended that his federal sentence should be concurrent with the state sentence, and, therefore, his projected release date should be January 11, 2001. The District Court determined that Buckner did not exhaust his administrative remedies and denied

2

Buckner's § 2241 petition without prejudice.

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial resources; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Appeal to the Office of the General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15. Nothing in the record demonstrates that Buckner has appealed to the Office of the General Counsel.

Buckner has included exhibits on appeal which were not before the District Court. Even if these exhibits were considered by the court, we conclude that they do not support Buckner's claim that he exhausted his administrative remedies. The District Court properly denied the petition without prejudice for failure to exhaust administrative remedies.

The judgment of the District Court will be affirmed..

3

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO. 00-3696

---

ROBERT LEON BUCKNER,

Appellant

v.

DONALD ROMINE, Warden

---

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-1647)
District Judge: Honorable William W. Caldwell

---

Submitted Under Third Circuit LAR 34.1(a)
JUNE 4, 2001

Before:    MANSMANN, BARRY and ALDISERT, Circuit Judges.

---

### JUDGMENT

---

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR

34.1(a). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court

entered September 22, 2000 be and the same is hereby affirmed. All of the above in

accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: June 6, 2001

2

ATTACHMENT #1
LEW 1330.16
Page 1

### INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative Remedy Procedure for Inmates</u>, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: Buckner, R.                       Reg. No. 33001-037

FORM TO INMATE: 1-12-01        STAFF  J. Joker       Lec
               (Date)                  (Name)       (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (Pg 1 & Pg 2).
------------------------------------------------------------------
1. Nature of Complaint (to be completed by inmate):

SEE ATTACHED LETTER
w/ APPELLATE BRIEF FOR
FURTHER UNDERSTANDING.

ATTACHMENT #1
LEW 1330.16
Page 2

**FOR STAFF USE ONLY** (to be completed within 5 days)

2.  Date Received from Inmate: _____

3.  Staff Member Assigned to Respond by U/M: _____

4.  Efforts Made to Resolve the Problem: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.  Applicable Program Statement Used in this Informal Resolution
    Attempt: _____

5.  Inmate's Response to Informal Remedy Attempt: _____

*Inmate wants to continue with a BP-9*

_____

_____

Prepared by: _____

Received by (U/M): _____

Original Returned to Inmate (Date): _____

cc:  Central File

BUCKNER, Robert
33001-037

## RESPONSE TO INFORMAL RESOLUTION ATTEMPT

In your request you allege that you have not received all applicable credit toward service of your federal sentence and/or a nunc pro tunc designation to Anne Arundel County Detention Center to effect concurrent service of your state and federal sentences.

Your records reflect that you were arrested on your current federal charges on December 5, 1997 and released on bond that date. On July 12, 1998, you were arrested by Baltimore City Officials for Possession With Intent to Distribute CDS. At the time of this arrest you were on probation from Anne Arundel County, Maryland. As a result of the arrest the probation was violated and you received a ten month sentence. On November 19, 1998, you were borrowed from the Baltimore City Detention Center pursuant to a federal writ of habeas corpus. On November 28, 1998, you were sentenced to a federal term of 36 months on the instant federal charges. After federal sentencing you were returned to the Baltimore City Detention Center. On May 6, 1999, the Baltimore City charges were placed ton the stet docket and you were turned over to Anne Arundel County for service of the ten month county sentence. The Anne Arundel County sentence commenced on May 6, 1999. On February 17, 2000, you were released from the Anne Arundel County sentence to the federal sentence. In a Memorandum and Order filed on or about November 27, 2000, the U.S. District Court for the District of Maryland clarified it's commitment order imposing the 36 month federal term, by stating that the Federal Court intended consecutive service of sentences. Pursuant to Program Statement 5160.04, State Institution for Service of Federal Sentence, Designation of, a nunc pro tunc designation to a non-federal facility to cause concurrent service of state and federal sentences, is not appropriate when the Federal Court intends consecutive service of the state and federal terms.

You allege that you are entitled to credit for all time spent in non-federal custody after the date of federal sentencing, November 19, 1998. Program Statement 5880.28, Sentence Computation Manual CCCA and Title 18, U.S.C., Section 3585(b)(2) establish that credit will be given toward service of a term of imprisonment for time spent in official detention prior to the date the sentence commences, **"for any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."** As reflected in the afore statute the lodging of a detainer is not a requirement for granting credit for time spent in non-federal custody for federal offenses imposed pursuant to the Sentencing Reform Act. As reflected on your federal sentence computation, you have received credit for the periods July 7, 1998 through May 5, 1999; August 7, 1997 through September 4, 1997; February 16, 1997 and September 20, 1996. These periods were spent in non-federal custody after the date of federal offense (December 6, 1995) and were not credited to any other sentence. All time spent in non-federal custody after May 5, 1999, through February 16, 2000, was credited to the 10 month sentence imposed by Anne Arundel County for the charge of probation violation. As the time in the custody of Anne Arundel County from May 6, 1999, through February 16, 2000, was credited toward the county sentence it can not be credited to the consecutive federal sentence, nor can the federal sentence begin prior to the expiration of the

county sentence.

In view of the above your request is denied.

_1/17/01_
Date

A.J. Booth, I.S.M.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: <u>BUCKNER, Robert L.</u>   <u>33001-037</u>   <u>K01-009L</u>   <u>FPC Lewisburg</u>

      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

     See attached letter and copy of memorandum/brief in support of my claim. The VOP of Anne Arundel County (conviction & concurrent sentence) was <u>not</u> the result of the CDS arrest. The CDS charge was disposed of (no conviction) because the "CDS" was actually my legally prescribed medication. The VOP was soley because of the federal charge, guilty verdict abd sentence; notwithstanding the fact that the federal offense occurred in 1995, and the A.A. County charge, offense, and imposition of probation ocurred in 1997!! This would be blatant double jeopardy.

     Please read the attached brief for further understanding of the law in support of my claim for credit.

<u>January 22, 2001</u>                            

      DATE                             SIGNATURE OF REQUESTER

**Part B– RESPONSE**

 

      DATE                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE         CASE NUMBER: <u>251702-F1</u>

                                          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

      DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

Admin. Remedy No.: 231702-F1
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your Request For Administrative Remedy you allege that you are entitled to credit toward service of your federal sentence for the period May 5, 1999, through February 17, 2000.

Your records reflect that you were arrested on your current federal charges on December 5, 1997 and released on bond that date. On July 12, 1998, you were arrested by Baltimore City Officials for Possession With Intent to Distribute CDS. At the time of this arrest you were on probation from Anne Arundel County, Maryland. You ultimately received a ten month term on the charge of probation violation. On November 19, 1998, you were borrowed from the Baltimore City Detention Center pursuant to a federal writ of habeas corpus. On November 28, 1998, you were sentenced to a federal term of 36 months on the instant federal charges. After federal sentencing you were returned to the Baltimore City Detention Center. On May 6, 1999, the Baltimore City charges were placed ton the stet docket and you were turned over to Anne Arundel County for service of the ten month county sentence. The Anne Arundel County sentence commenced on May 6, 1999. On February 17, 2000, you were released from the Anne Arundel County sentence to the federal sentence. In a Memorandum and Order filed on or about November 27, 2000, the U.S. District Court for the District of Maryland clarified it's commitment order imposing the 36 month federal term, by stating that the Federal Court intended consecutive service of sentences.

Your record reflects that you have received jail time credit totaling 330 days. This includes credit for May 5, 1999. However, as noted above, the period of May 6, 1999, through February 17, 2000, was spent serving a 10 month county sentence. Program Statement 5880.28, Sentence Computation Manual CCCA, establishes that credit will not be given for any portion of time spent serving another sentence, therefore, the period in question can not be credited toward the consecutive federal sentence.

Based on the above, the relief you request has been DENIED. If you are dissatisfied with his response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.


2/6/01
Date

D.a. Nichols   Acting
Donald Romine, Warden

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted

| BUxxxK, Robert    L. | 33001-037 | LEC K01-009L FPC LEWISBURG |
|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT        INSTITUTION |

**Part A—REASON FOR APPEAL**

In both responses (BP-8 & BP-9) the records office & Warden fail to recognize the chronology of events in court. (see attached "brief" at pages 10 thru 12, as well as sentence "imposition" date on AA County commitment, Exhibit C attached hereto). I was held at Anne Arundel County jail for about 7 months (on my federal sentence commitment w/NO BAIL before going to court on the VOP in AA Co.) Because of that federal sentence detainer, I was not granted bail release to allow me to enter BOP.

I was sentenced in federal court long before I was taken to A.A.Co. Therefore, the Marshals should have taken me directly to BOP and, if A.A.Co. wanted to  persue the case, a detainer from that state court should have been filed with BOP.

I was held, at all times between July 12, 1998 thru February 17, 2000, in official detention and solely & directly because of the federal detainer and subsequent sentence of the federal court in this case.

\*\*\*\*\* SEE ATTACHED FOR SUPPORTING STATUTORY & CASE LAW\*\*\*\*\*

February 10, 2001.
_____
DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _231702-A_

**Part C—RECEIPT**

CASE NUMBER: _231702-R_
_L(u)_

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____
_-2-14-01_

BUCKNER, Robert
Reg. No. 33001-037
Appeal No. 231702-R1
page One

## PART-B RESPONSE

In your appeal, you contend that prior custody credit should be
awarded on your federal sentence for time served in state
custody.  You state staff at USP Lewisburg have failed to
recognize the correct chronology of events.

An investigation into your appeal revealed on December 5, 1997,
you were arrested for the charge of Making False Statements
before the U.S. District Court, and released on bond that day.
On July 12, 1998, you were arrested by Baltimore City Officials
for Possession With Intent to Distribute CDS.  At the time of
this arrest you were on probation from Anne Arundel County,
Maryland.  On November 19, 1998, you were "borrowed" via a Writ
of Habeas Corpus Ad Prosequendum, for prosecution on your federal
charges.  On November 28, 1998, you were sentenced to a 36-month
federal term of imprisonment, and returned to state custody.  On
May 6, 1999, you were sentenced in Anne Arundel County to a 10-
month term of imprisonment.  On February 17, 2000, you were
released from your Maryland state sentence and turned over to
federal custody.  The Maryland state authorities did not award
any prior custody credit to your 10-month sentence.  Records
indicate credit not applied to your state sentence has been
applied to your federal sentence for the following days in
official detention: September 20, 1996, February 16, 1997,
August 7, 1997, December 5, 1997, and from July 12, 1998, through
May 5, 1999.  Under 18 U.S.C. § 3585(b), prior custody credit
will not be awarded when the time in detention had been credited
towards another sentence.

Pursuant to 18 U.S.C. § 3585(a), "A sentence to a term of
imprisonment commences on the date the defendant is received in
custody awaiting transportation to, or arrives voluntarily to
commence service of sentence at, the official detention facility
at which the sentence is to be served."  In your case, you were
not available for service of your federal sentence until
February 17, 2000, as you were in the primary custody of the
State of Maryland, and in service of a state sentence.  The U.S.
District Court for the District of Maryland, responded to your
motion requesting clarification as to whether your federal
sentence was intended to run concurrently or consecutively to the
state sentences.  The Court clarified the intent to impose a
consecutive sentence to the state sentence.  Your sentence has

(Continued on page two)

**BUCKNER, Robert**
Reg. No. 33001-037
Appeal No. 231702-R1
Page Two

been computed correctly and all applicable jail credit has been
awarded.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D. C. 20534, within 30 calendar days of the date of
this response.


Date: March 15, 2001

                                    DAVID M. RARDIN
                                    Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach-ments must be submitted with this appeal.

From: BUCKNER, Robert Leon     33001–037     K01-009L  FPC, Lewisburg PA

        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A—REASON FOR APPEAL **AGAIN, the Regional Director, as did Mr. A. J. Booth, ISM**

**(BP-8), and Warden Romine (BP-9), has totally overlooked the chronology of events leading to my final physical arrival at Lewisburg. The dates of each event is very important in this case/calculation/award of jail credit, and have been cited wrong in all three previous levels of ARP Responses. I have attached hereto a copy of all previous remedies, responses, and documents that were mailed along with them. (although the attached "brief" is one that was filed in a USCA, nevertheless it contains my argument in length as well as supporting documents: exhibits)**

**In addition, I would also add that the sentencing Court is in error when "[t]he Court clarified the intent to impose a consecutive sentence to the state sentence." (Reg.Cons.Resp., pg. 1, ¶3 and Wardens Resp., pg. 1, ¶2.)**

**In support, I cite, U.S. v. Romandine, 206 F.3d 731 (7th Cir. 2000); U.S. v. Quintero, 157 F.3d 1038 (6th Cir. 1998); U.S. v. Clayton, 927 F.2d 49? XXX (9th Cir. 1991)(The District Court may not require its sentence to be served consecutively to a state sentence that will be imposed in the future.) FEDERAL sentence was imposed 11/19/98, CONCURRENT STATE sentence imposed 11/16**

XXXXXXXXXXXXXXXXXX          XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

        DATE          SIGNATURE OF REQUESTER

XXXXXXXXXXXX **I was not serving, nor had any sentence been imposed at the time of my FEDERAL sentencing. The A.A. County STATE sentence was imposed on November 16, 1999 and was to RUN CONCURRENT with my federal sentence which was imposed almost 1 year prior: November 19, 1998. (See pages 10 thru 12 of attached brief, and Exhibits A & C of the same. Deem this as a request for nunc pro tunc designation, in the alternative, if necessary.**

DATE: March 23, 2001

                         Signature of Requester

Part B - RESPONSE

RECEIVED

ADMINISTRATIVE REMEDY BRANCH

     DATE                                 GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 231702-A

Part C—RECEIPT

                                         CASE NUMBER:

Return to: BUCKNER, Robert L.     33001–037     K01-009L  FPC Lewisburg

        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: Jail credit, nunc pro tunc desig., etc.

**Administrative Remedy No. 231702-A1**
**Part B - Response**

You appeal the Warden's response to your Request for
Administrative Remedy in which you seek credit toward the service
of your federal sentence. You contend you were held in official
detention from July 12, 1998 thru February 17, 2000, due to the
federal detainer on file. In furtherance of your claim, you
indicate your state sentence was ordered to run concurrently with
your federal sentence. In the alternative, you are requesting a
"nunc pro tunc" designation.

Jail time credit, if authorized under 18 U.S.C. § 3585(b), is
applied regardless of whether a federal detainer is on file.
Time spent serving a state sentence, however, is not authorized
to be credited toward your federal sentence as jail time credit.

Although the state court ordered its sentence to run concurrently
with the federal sentence, it has no jurisdiction over the
federal sentence and how it will operate. Commencement of a
federal sentence is governed by Title 18, U.S.C. § 3585(a). At
the time the state sentence was imposed, there was no operative
federal sentence to which the state sentence could be served
concurrently.

Your request for a "nunc pro tunc" designation was considered by
the Northeast Regional Office. This request was denied based on
the sentencing court's intent to run your federal sentence
consecutively to the state sentence. A review of that decision
indicates they have acted within the boundaries of their
discretionary authority.

We find your sentence has been appropriately computed according
to Program Statement 5880.28, Sentence Computation Manual~CCCA.
Accordingly, your appeal is denied.

_____         _____
        May 11, 2001                    Harrell Watts, Administrator
        Date                            National Inmate Appeals