OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4926 |

pacer.ca3.uscourts.gov

July 30, 2001

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA   17108

RE: Docket No. 00-3696
    Buckner  vs. Romine
    D. C. CIV. No. 00-cv-01647

RECEIVED
HARRISBURG, PA

AUG 08 2001

MARY E. D'ANDREA, CLERK
Per _____

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case, together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   We return herewith the certified record and two supplements in the case.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                          Very truly yours,
                          MARCIA M. WALDRON
                          Clerk

                     By:  Carolyn Hicks
                          Case Manager


Enclosure

cc:
    Mr. Robert Leon Buckner
    Dulce Donovan, Esq.

*Ack'd*
*8/8/01*
*STA*

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 00-3696

ROBERT LEON BUCKNER,

Appellant

v.

DONALD ROMINE, Warden

FILED
HARRISBURG
AUG 8 2001
MARY E. D'ANDREA, CLE[RK]
Per_____
DEPUTY CLERK

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-1647)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
JUNE 4, 2001

Before:    MANSMANN, BARRY and ALDISERT, Circuit Judges.

### JUDGMENT

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court entered September 22, 2000 be and the same is hereby affirmed. All of the above in

accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: June 6, 2001

Certified as a true copy and issued in lieu
of a formal mandate on July 30, 2001
Teste:    *Marcia M. Waldron*
Clerk, U.S. Court of Appeals
     For the Third Circuit.

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 00-3696

ROBERT LEON BUCKNER,

Appellant

v.

DONALD ROMINE, Warden

FILED
HARRISBURG

AUG 8 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-1647)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
JUNE 4, 2001

Before:   MANSMANN, BARRY and ALDISERT, Circuit Judges.

(Filed: June 6, 2001)

OPINION

PER CURIAM

Robert Leon Buckner appeals from the District Court's order dismissing his habeas corpus petition for failure to exhaust available administrative remedies. For the following reasons we will affirm.

On November 6, 1997, Buckner was indicted for making false statements before the United States District Court in violation of 18 U.S.C. § 1623. He pleaded guilty on July 2, 1998. On July 12, 1998, while free on federal bond awaiting sentencing, Buckner was arrested by the Baltimore City Police, and charged with drug and probation violations. A federal detainer was issued as a result of the arrest and Buckner remained in the custody of state officials. On November 19, 1998, the District Court sentenced Buckner to 36 months of imprisonment on the false statements charge. Buckner then was returned to state custody to serve a ten month term on the probation violation. On February 17, 2000, at the conclusion of the state term, Buckner began serving his federal sentence under federal custody. The Bureau of Prisons ("BOP") has interpreted Buckner's sentence as being consecutive to the state sentence and has calculated Buckner's projected release date as November 2, 2001.

On September 15, 2000, Buckner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging that the BOP miscalculated his projected release date. He contended that his federal sentence should be concurrent with the state sentence, and, therefore, his projected release date should be January 11, 2001. The District Court determined that Buckner did not exhaust his administrative remedies and denied

2

Buckner's § 2241 petition without prejudice.

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial resources; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Appeal to the Office of the General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15. Nothing in the record demonstrates that Buckner has appealed to the Office of the General Counsel.

Buckner has included exhibits on appeal which were not before the District Court. Even if these exhibits were considered by the court, we conclude that they do not support Buckner's claim that he exhausted his administrative remedies. The District Court properly denied the petition without prejudice for failure to exhaust administrative remedies.

The judgment of the District Court will be affirmed..